**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000793
27-APR-2026
08:35 AM
Dkt. 42 SO**

NO. CAAP-24-0000793

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FERNANDO ESTALILLA, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-24-00009)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Following his arrest for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) at an intoxication enforcement roadblock, Petitioner-Appellant Fernando Estalilla (**Estalilla**) appeals from an order affirming the one-year revocation of his driver's license by the Administrative Driver's License Revocation Office (**ADLRO**). We affirm.

Estalilla appeals from the "Decision and Order Affirming Administrative Revocation" (**Revocation Order**)[1] filed on

---

[1] Estalilla does not identify or attach the District Court's November 6, 2024 "Judgment on Appeal" (**Judgment**). We construe Estalilla's

November 1, 2024 by the District Court of the First Circuit (**District Court**).[2]  Estalilla's petition for judicial review before the District Court argued that the roadblock violated Estalilla's constitutional privacy rights under State v. Heapy, 113 Hawaiʻi 283, 151 P.3d 764 (2007)[3] by failing to provide a legal means to avoid the roadblock, and that the police provided insufficient advance notice of the roadblock such that legally avoiding it was impossible.  The District Court's Revocation Order held that Heapy merely addresses "*permissible* avoidance" of roadblocks but "did not create, and the U.S. and Hawaii Constitutions do not mandate, a legal escape route to avoid a roadblock."  The District Court also distinguished Heapy, noting that the Heapy defendant, unlike Estalilla, "executed a *legal* turn prior to the roadblock."

On appeal, Estalilla raises a single point of error,[4] contending that the District Court erred by "rul[ing] that the police do not have an affirmative duty to provide a legal way to avoid a police DUI roadblock."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

appeal to also appeal from the Judgment.  See State v. Graybeard, 93 Hawaiʻi 513, 516, 6 P.3d 385, 388 (App. 2000) (construing appellant's notice of appeal to appeal from judgment not attached to the notice of appeal).

[2]     The Honorable Tracy S. Fukui presided.

[3]     In Heapy, a defendant driver "made a legal right turn" onto a road; "the turn was not made erratically, and [the driver's] headlights were on."  113 Hawaiʻi at 292, 151 P.3d at 773.  A police officer followed the driver but "did not observe Defendant driving suspiciously or in an erratic manner" before the police officer effected an investigatory stop.  Id.  The Hawaiʻi Supreme Court held that the driver's legal attempt to avoid a roadblock did not in itself constitute reasonable suspicion for police officers to carry out an investigatory stop.  Id. at 285, 151 P.3d at 766.

[4]     Estalilla's point of error does not contain the required record references under Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4)(ii) and (iii).

the arguments advanced and the issues raised, we resolve Estalilla's contentions as follows.

Estalilla argues that because the Heapy defendant was "afforded a way to avoid the roadblock," the Heapy court "sent the clear message that roadblocks, in order to be constitutional, in Hawaii, must afford a driver a legal way to avoid contact with the police."

Estalilla's interpretation and application of Heapy is incorrect. Heapy does not support the proposition that police officers must affirmatively provide a lawful means for motorists to avoid a roadblock. See id.; Akiona v. Admin. Dir. of Cts., No. CAAP-23-0000546, 2025 WL 3124682, at *1 (Haw. App. Nov. 7, 2025) (SDO) (holding that "police do not have an affirmative duty to provide a legal way to avoid a DUI roadblock"); Respicio v. Admin. Dir. Of Cts., No. CAAP-17-0000851, 2019 WL 2121300, at *1 (Haw. App. May 15, 2019) (SDO) (finding that Heapy did not hold that "the police must provide motorists with a legal method for avoiding a roadblock" and there was "reasonable suspicion" for defendant's stop because defendant was "observed failing to use a turn signal and crossing a solid white line when pulling off the road prior to encountering the roadblock").

Here, unlike Heapy and similar to Respicio, the record reflects that Estalilla illegally reversed his vehicle in a one-way lane of traffic, providing reasonable suspicion for police officers to stop his vehicle. The police officers had no affirmative duty to provide Estalilla with a legal means of avoiding the roadblock. See Akiona, 2025 WL 3124682, at *1.

Accordingly, the District Court's ruling that the police were not required to provide motorists with a legal means of avoiding the roadblock, and affirming the ADLRO's revocation, was correct. See McGrail v. Admin. Dir. Of Cts., 130 Hawai'i 74,

78, 305 P.3d 490, 494 (App. 2013) (reviewing administrative revocations of a driver's license "to determine if the District Court was right or wrong in its decision" (citation omitted)).

For the foregoing reasons, we affirm the District Court of the First Circuit's November 1, 2024 Revocation Order and November 6, 2024 Judgment.

DATED: Honolulu, Hawaiʻi, April 27, 2026.

On the briefs:

Kevin O'Grady,
for Petitioner-Appellant.

Alyssa-Marie Y. Kau,
Deputy Attorney General
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge